| | |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | JUN 28 2022 |
| | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

STEVEN RUPP; et al.,

        Plaintiffs-Appellants,

 v.

ROB BONTA, in his official capacity as Attorney General of the State of California,

        Defendant-Appellee.

No.   19-56004

D.C. No. 8:17-cv-00746-JLS-JDE
Central District of California, Santa Ana

ORDER

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

The district court's judgment is vacated, and this case is remanded to the district court for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. \_\_\_\_ (2022).

The parties shall bear their own attorney's fees, costs, and expenses. This order constitutes the mandate of this court.

**VACATED AND REMANDED.**

*Rupp v. Bonta*, No. 19-56004
Bumatay, J., dissenting:

      For over a decade, our court has improperly interest-balanced our way around the Second Amendment. The Supreme Court has had enough of it. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, --- S. Ct. ----, 2022 WL 2251305 (U.S. June 23, 2022). With a clear legal standard now in hand, we should have ordered supplemental briefing to further this case along. Instead, we instinctively kick the can back to the district court. And we do so without the benefit of the parties' position on whether our three-judge panel could have directly resolved this case based on *Bruen*. A remand here may just prolong the inevitable as we will eventually have to decide this case—adding unnecessary delays and expenses for the parties. At the very least, we should have given the parties a chance to let us know where they stand on the question of remand. I thus respectfully dissent from vacating and remanding this matter.